**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| LeAnn M. Beck | : | |
| Debtor | : | |
| | : | CASE NO. 1:22-bk-01041-HWV |
| LeAnn M. Beck | : | |
| Movant | : | |
| | : | |
| v. | : | |
| M & T Bank | : | |
| U.S. Bank National Association, Trustee | : | |
| for the RMAC Trust, Series 2016-CTT | : | |
| c/o Rushmore Loan Management Services | : | |
| Jack N. Zaharopoulos, Trustee | : | |
| Respondents | : | |

**MOTION TO APPROVE SALE OF REAL PROPERTY**
**FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**
**AND APPROVING DISTRIBUTION OF PROCEEDS**

The Motion of LeAnn M. Beck (hereinafter "Debtor") by and through her attorney,

the Law Office of John M. Hyams, to Approve the Sale of Real Property Free and Clear of

Liens, Claims and Encumbrances and Approving Distribution of Proceeds, is as follows:

1. On June 3, 2022, the Debtor filed her Petition under Chapter 13 of the United States

   Bankruptcy Code to the above case number in the within Court.

2. The Debtor is the owner of certain improved real estate located at 67 Pine St.

   Dillsburg, York County, Pennsylvania (the "Real Property").

3. The Debtor has entered into an Agreement for the sale of the Real Property to Jay

   L. Martin and Karen L. Martin (the "Agreement"). The Agreement provides for the

   total consideration of $210,000.00 for the purchase of the Real Property. A true and

   correct copy of the Agreement is attached hereto and labeled Exhibit "A".

4. The Debtor believes that the purchase price offered is fair consideration given the current market conditions.

5. The Debtor's interest in the Real Property is subject to the following mortgages and judgments:

   a. Mortgage in the first position in favor of U.S. Bank National Association, Trustee for the RMAC Trust, Series 2016-CTT c/o Rushmore Loan Management Services, in the approximate amount of $ 209,010.04.

6. The Debtor proposes to pay costs and expenses associated with the sale of the Real Property at closing as follows:

   a. Any notary or incidental recording fees required to be paid by the Debtor as Seller.

   b. Any costs associated with the preparation of the deed or normal services with respect to closing.

   c. Attorneys' fees to Law Offices of John M. Hyams in the amount of $3,500.00 for services in connection with this transaction, subject to such further review as the Court may require.

   d. Real Estate Commission to Straub and Associates Real Estate in the amount of six percent (6%) of the total sales consideration for services rendered to Straub and Associates Real Estate in the connection with this sale.

   e. Realty transfer tax, if any, required to be paid by Debtor, as Seller.

   f. Any present real estate taxes owned on the Real Property, prorated to the date of sale.

7. Subsequent to the payment of the costs of the sale as set forth above, the following items shall be paid from the proceeds of the sale of the Real Property.

   a. All remaining proceeds will be paid to U.S. Bank National Association, Trustee for the RMAC Trust, Series 2016-CTT c/o Rushmore Loan Management Services.

   b. Thereafter payment to Debtor not to exceed her exemption under 11 U.S.C. 522(d).

8. The Debtor requests that this sale be free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances to be payable and paid as set forth in Paragraph 7.

9. The Debtor believes that the consideration payable by the Buyers under the Agreement for the purchase of the Real Property is fair and reasonable.


WHEREFORE, LeAnn M. Beck, Debtor herein, respectfully requests that the Court enter an Order:

   (a) Approving the sale of the Real Property, located at 67 Pine St. Dillsburg, York County, Pennsylvania free and clear of all liens, claims and encumbrances, except for those claims which consist of easements for utilities and rights of way of record, or as may exist and are viable on the Real Property;

   (b) Allowing and directing payment of the costs and expenses involved with the sale of the Real Property as set forth above;

   (c) Authorizing attorneys' fees to the Law Offices of John M. Hyams in an amount of $3,500.00 subject to such further review as the Court may require;

(d) Providing for payment of realty transfer tax, if any, required to be paid by Debtor, as Seller;

(e) Providing for payment of any present real estate taxes owed on the Real Property, prorated to the date of sale;

(f) Real estate commission of six percent (6%) of the sale for services rendered to Straub and Associates Real Estate;

(g) Providing for all remaining proceeds to be paid to U.S. Bank National Association, Trustee for the RMAC Trust, Series 2016-CTT c/o Rushmore Loan Management Services;

(h) Providing for payment to Debtor of all remaining proceeds on account of Debtor's exemption provided by 11 U.S.C. 522(d).

(i) Providing for payment to the Standing Chapter 13 Trustee Jack Zaharopoulos of all remaining proceeds if any.

(j) Providing for such other and further relief as is just and proper.


Respectfully submitted,

LAW OFFICES OF JOHN M. HYAMS

Date: July 20, 2022          By:/s John M. Hyams, Esquire
                             John M. Hyams, Esquire
                             2023 N. 2nd St.
                             Harrisburg, PA 17102
                             (717) 520-0300
                             jmh@johnhyamslaw.com
                             Attorney for Debtor