IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| LeAnn M. Beck | : | |
|     Debtor | : | |
| | : | CASE NO. 1:22-bk-01041-HWV |
| LeAnn M. Beck | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| M & T Bank | : | |
| U.S. Bank National Association, Trustee | : | |
| for the RMAC Trust, Series 2016-CTT | : | |
| c/o Rushmore Loan Management Services | : | |
| Jack N. Zaharopoulos, Trustee | : | |
|     Respondents | : | |

## ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES AND APPROVING DISTRIBUTION OF PROCEEDS PURSUANT TO 11 U.S.C. 363(f)

The Motion of the Debtor, LeAnn M. Beck, to Approve the Sale of Real Property Free and Clear of Liens, Claims and Encumbrances and Approving Distribution of Proceeds ("Motion") having come this day before the Court, and following notice to creditors in the above case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real Property (as defined below) is in the best interest of the Debtor and their estate, and that such sale is made in good faith, and that the consideration offered is fair and reasonable, it is

    HEREBY ORDERED that:

    1. LeAnn M. Beck, Debtor herein, is authorized to sell the Real Property located at and known as 67 Pine St. Dillsburg, York County, Pennsylvania (the "Real Property"), under the terms of and pursuant to that certain Agreement between the Debtor, as Seller, and Jay L. Martin and Karen L. Martin as Buyers, (the "Agreement") and as set forth in the Motion. Such sale shall be Jay L. Martin and Karen L. Martin for the total consideration of $219,723.27.

    2. The sale of the Real Property shall be free and clear of all liens, claims and encumbrances, except for easements and rights of way of record as may exist upon or under such Real Property. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order.

3. The sale shall be free and clear of all real estate taxes and such other allowed claims, subject to the distribution set forth in this Order and payments of such real estate taxes.

4. The distribution of the funds generated by the sale of the Real Property shall be as follows:

   a. Any notarization or incidental recording fees required to be paid by the Debtor, as Seller.
   b. Payment of the costs and expenses involved with the sale of the Real Property as set forth in the Agreement for Sale.
   c. Any costs associated with the preparation of the deed, processing fees, and normal services with respect to closing to be paid by Debtor, as Seller.
   d. Closing costs and expenses to be paid in accordance with the terms of the Agreement for Sale and any addendums to the said Agreement for Sale.
   e. Settlement fees, tax certifications, and overnight/express mail charges, if any, required to be paid by Debtor, as Seller.
   f. Attorney's fees in an amount of $3,500.00 payable to the Law Offices of John Hyams, payable on account of services in connection with this sale. Such fees shall be held in escrow by Debtor's counsel pending approval of a related fee application.
   g. Realty transfer tax, if any, required to be paid by Debtor, as Seller.
   h. Real estate commission of four and one-half percent (6%) of the total sales consideration for services rendered to Seller by Straub and Associates Real Estate in the connection with this sale.
   i. Any present or past due real estate taxes owed on the Real Property, prorated to the date of sale.
   j. Respondent, U.S. National Bank, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, shall receive net proceeds from the sale of Two Hundred ten Thousand and 00/1// Dollars ($210,000.00).

5. The Debtor is empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Property.

6. Fed.R.Bankr.P. Rule 6004(h) is not applicable, and the Real Property may be sold and purchased promptly.

7. Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtor with certified copies of this Order, as are necessary to be recorded in the Recorder of Deeds Offices of York County, Pennsylvania.

By the Court,

*/s/ Henry W. Van Eck*
_____
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: February 28, 2023